## MORONI SKEEN, RESPONDENT, *v.* JOSEPH MOONEY AND ANOTHER, APPELLANTS.

TRIAL.—DISCRETION OF COURT.—LIMITING NUMBER OF WITNESSES.— It is within the discretion of the trial court to limit the respective parties in the number of witnesses as to any particular point to three upon a side.

ID.—ID.—LIMITING TIME OF ARGUMENT.—It is within the discretion of the trial court to limit the attorneys upon either side in their arguments to the jury to twenty minutes upon a side.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. W. L. Maginnis,* for the appellants.

*Messrs. Smith and Smith,* for the respondent.

ZANE, C. J.:

Three separate causes of action are alleged in this complaint. The first is in favor of plaintiff alone; the second, to plaintiff and Joseph L. Skeen and John A. Stephens; the third, to plaintiff and George Harrison and James P. Falkman. The interests of the other persons mentioned in the second and third causes of action were assigned to plaintiff before suit. This action was brought to recover damages to the crops of plaintiff and his assignors in consequence of being wrongfully deprived by defendants of the use of the waters of Four Mile creek. It appears from the evidence in the record that the plaintiff was possessed of twenty-three acres of land, upon which he owned a growing crop of alfalfa; that plaintiff and Joseph L. Skeen

and John A. Stephens were lawfully possessed of twenty acres, on which they were cultivating a crop of potatoes; and that plaintiff and George Harrison and James P. Falkman were lawfully possessed of thirty-five acres of land, upon which they were cultivating a crop of potatoes. It further appears that the plaintiff owned or had the right to use one-fourth of the waters of Four Mile creek, and that this would irrigate about two hundred and fifty acres of land. The waters of this stream, so far as necessary, were being used by the plaintiff and his cotenants and assignors to irrigate their growing crops on the three tracts of land above mentioned, until about the 20th of June, 1888, when the defendants, as the evidence tends to prove, by means of a dam, prevented for two or three weeks any part of it from flowing to and irrigating their crops, by reason of which they were greatly damaged. While the rights of plaintiff's assignors and cotenants to use the water is not shown, further than by the fact that they had been using it, with the permission of the plaintiff, and without objection from any other person, to the time they were deprived of it, the right of the plaintiff to the one-quarter of the water is clearly shown, and it appears that his cotenants used it with his consent. It is true that the evidence does not show upon what terms they were given the right. The right to do so, however, was sufficient to authorize them to recover damages to their crops in consequence of a wrongful deprivation of it.

It also appears that the court limited the respective parties to three witnesses on either side of any point. This ruling of the court, the defendants now insist, was error. But they made no objection, nor did they take any exception, at the time. If objection had been interposed, and exception taken, however, we would not be disposed to regard the ruling of the court as reversible error, in view of the facts of this case and of its nature.

In their arguments to the jury, the court limited the

attorneys to twenty minutes on either side; and this is also assigned as error. The court may impose reasonable limitations as to time upon counsel in their arguments to the court or jury; and from the nature of the evidence, we are not prepared to say that the court abused its discretion.

Counsel for defendants finally insists that the damages assessed by the jury were excessive. But after a careful consideration of the evidence in the record, we cannot say that the finding of the jury was so manifestly wrong as to authorize the court to set aside the verdict for that reason. We find no error in this record.

The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.